IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINCOLN PROFESSIONAL BASEBALL, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> BLUES EVENTS, LLC, <br><br> Counter-defendant. | 4:13-CV-3101 <br><br> ORDER |

This matter is before the Court on the Motion for Default Judgment (filing 62) filed by the counterclaimant, Lincoln Professional Baseball, Inc. (LPB). The motion will be granted.

LPB's motion asks the Clerk of the Court to enter a default judgment for a sum certain pursuant to Fed. R. Civ. P. 55(b)(1) and NECivR 55.1(b). However, the Court instructed the clerk's office not to do so. By its terms, Rule 55(b)(1) permits the clerk to enter judgment for a sum certain "against a defendant who has been defaulted for not appearing[.]" But the counter-defendant, Blues Events, LLC, did appear through counsel, and litigated this case through summary judgment. And when a party has appeared, default judgment must be entered by the Court pursuant to Rule 55(b)(2). *See, Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *United States v. Smith*, 212 F.R.D. 480, 481 (M.D.N.C. 2002); *see also Citizens Bank v. Parnes*, 376 Fed. Appx. 496, 506 (6th Cir. 2010). The Court will, therefore, consider the merits of LPB's motion pursuant to Rule 55(b)(2).

Rule 55(b)(2) entitles a party who has appeared to be served with written notice of the application for default judgment at least 7 days before the application is heard. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Blues Events was provided with electronic notice pursuant to the Court's local rules, which constitutes written notice within the meaning of the Federal Rules of Civil Procedure. *See,* Fed. R. Civ. P. 5(d)(3); NECivR 5.2(a). And the application was filed on September 24, 2014, which means that the notice required by Rule 55(b)(2) has been provided. *See Ackra*, 86 F.3d at 856; *see also*, Rule 55(b)(2); Fed. R. Civ. P. 6(d); NECivR 6.1(b).

When a default is entered, facts alleged in the complaint—except as to damages—may not be later contested. *Marshall v. Baggett*, 616 F.3d 849, 852

(8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). But it remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Id.* It is, therefore, incumbent upon the Court to ensure that the unchallenged facts constitute a legitimate cause of action before entering final judgment. *Marshall*, 616 F.3d at 852-53. Having examined LPB's counterclaim, filing 17 at 34-37, the Court finds that it states a claim for breach of contract under Nebraska law.[1] *See generally Kotrous v. Zerbe*, 846 N.W.2d 122, 126 (Neb. 2014) (setting forth elements required to plead breach of contract claim).

Whether an evidentiary hearing is necessary to determine damages is entrusted to the Court's discretion. *See*, *Stephenson v. El-Batrawi*, 524 F.3d 907, 915-16 (8th Cir. 2008); *United States v. Ford 250 Pickup*, 980 F.2d 1242, 1246 (8th Cir. 1992); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332-33 (8th Cir. 1988). An evidentiary hearing is unnecessary here. LPB's motion is accompanied by an affidavit that sets forth the basis of the damages sought. Filing 63-1. The Court finds that damages are capable of being computed on the basis of the facts of record, obviating the need for an evidentiary hearing. *See Taylor*, 859 F.2d at 1333; *see also Holman v. Nat'l Postal Mail Handlers Union*, 117 F.3d 1422, 1997 WL 374398, at *1 (8th Cir. 1997) (unpublished table decision).

The Court will, therefore, grant LPB's motion for default judgment and enter judgment in the amount of $215,668.35. Because this order, along with the Court's Memorandum and Order of January 30, 2014 (filing 46), fully dispose of this case, the Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

IT IS ORDERED:

1. LPB's Motion for Default Judgment (filing 62) is granted.

2. Judgment is entered in favor of LPB, and against Blues Events, in the amount of $215,668.35.

---

[1] One small housekeeping matter also requires attention: on the Court's docket, both LPB and Charles Meyer are listed as counterclaimants. Presumably, this is because both were initially sued by the plaintiffs, and the counterclaim that remains at issue was contained in their joint answer. But it is apparent from the pleading that LPB's counterclaim was just that—LPB's counterclaim—and that Meyer was not intended to be a counterclaimant. Meyer has not stated a claim for relief, but it is clear that he never intended to, and that his presence on the docket as a "counterclaimant" is a docketing error. The Court will accordingly direct the Clerk of the Court to terminate Meyer as a counterclaimant.

3. The Clerk of the Court is directed to terminate Charles Meyer as a counterclaimant.

4. This case is closed.

5. A separate judgment will be entered.

Dated this 7th day of October, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge